1  Katherine M. Dugdale, Bar No. 168014
   KDugdale@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
3  Los Angeles, California 90067-1721
   Telephone:  +1.310.788.9900
4  Facsimile:   +1.310.788.3399

5  Christian W. Marcelo, Bar No. 51193 (*pro hac vice* filed)
   CMarcelo@perkinscoie.com
6  Jacob P. Dini, Bar No. 54115 (*pro hac vice* filed)
   JDini@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, Washington 98101-3099
   Telephone:  +1.206.359.8000
9  Facsimile:   +1.206.359.9000

10

   Attorneys for Plaintiff
11 EPIC GAMES, INC.

12
                 UNITED STATES DISTRICT COURT
13
                 CENTRAL DISTRICT OF CALIFORNIA
14

15

16 EPIC GAMES, INC., a Maryland       | Case No. 2:24-CV-10835-DDP-JC
   corporation,
17                                     | **DECLARATION OF KATHERINE
              Plaintiff,               | M. DUGDALE IN SUPPORT OF
18                                     | PLAINTIFF EPIC GAMES, INC.'S
         v.                            | REQUEST FOR ENTRY OF
19                                     | DEFAULT AGAINST DEFENDANT
   SEBASTIAN ARAUJO, an individual,    | SEBASTIAN ARAUJO**
20
              Defendant.               | *[Request for Entry of Default Filed
21                                     | Concurrently]*

22

23

24

25

26

27

28

-1-

180349368.2

1       I, Katherine Dugdale, declare as follows:

2       1.     I am an attorney licensed to practice law in the State of California, and

3 I am admitted to practice before this Court.  I am an attorney in the law firm

4 Perkins Coie LLP and counsel of record for Epic Games, Inc. ("Epic") in the

5 above-titled action.  I have personal knowledge of the facts set forth below, and if

6 called as a witness, I could testify truthfully.

7       2.     Epic filed its Complaint on December 16, 2024 against Defendant

8 Sebastian Araujo.  Doc. No. 1.  On January 7, 2025, I received a phone call from

9 John Goalwin who said he was representing Defendant in the above-captioned

10 matter.  On January 9, 2025, I emailed Mr. Goalwin a copy of the Summons,

11 Complaint, and Notice and Acknowledgement of Receipt of Summons and

12 Complaint, and I mailed copies of the same to Mr. Goalwin's business address.

13       3.     On February 10, 2025, Mr. Goalwin returned a signed copy of the

14 Notice and Acknowledgement of Receipt of Summons and Complaint, which was

15 filed on the same day.  Doc. No. 14.

16       4.     Defendant's response to the Complaint was due on March 3, 2025.  *Id.*

17       5.     On February 12, 2025, I sent an email to Mr. Goalwin with a copy of

18 the e-filing notification for the Notice and Acknowledgment of Receipt of

19 Summons which indicated that the response deadline was March 3.

20       6.     After Defendant failed to respond to the Complaint by the March 3

21 deadline, on March 4, 2025, I sent an email to Mr. Goalwin stating that Defendant's

22 response to the Complaint was due on March 3, that Epic had not seen one filed,

23 and requesting a copy if one was filed.  Mr. Goalwin replied that Defendant's

24 response would be filed on March 5, 2025.

25 / / /

26 / / /

27 / / /

28 / / /

-2-

180349368.2

1         7.     To date, Defendant has not pled in response to or otherwise defended

2    against the Complaint.

3         I declare under penalty of perjury under the laws of the United States of

4    America that the foregoing is true and correct.

5

6    Executed on March 7, 2025         By: /s/ Katherine M. Dugdale
                                                Katherine M. Dugdale

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-