1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

| 11 | EPIC GAMES, INC., | Case No. 2:24-CV-10835-DDP-JC |
|---|---|---|
| 12 | Plaintiff, | **[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT SEBASTIAN ARAUJO** |
| 13 | v. | |
| 14 | SEBASTIAN ARAUJO, | |
| 15 | Defendant. | Hearing: Date: June 2, 2025 |
| 16 | | Time: 10:00 a.m. |
| 17 | | Place: Courtroom 9C |
| 18 | |      350 West 1st Street      Los Angeles, CA. 90012 |
| 19 | | *Honorable Dean D. Pregerson* |
| 20 | | |

21
22
23
24
25
26
27
28

-1-

This action came before the Court, the Honorable Dean D. Pregerson, United States District Judge presiding, on the motion of Plaintiff Epic Games, Inc. ("Epic") for default judgment against Defendant Sebastian Araujo ("Defendant").

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED AND ADJUDGED that,**

## FINDINGS AND CONCLUSIONS

1. This is an action for circumvention of technological measures in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1)(A); breach of contract; copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.*; and fraud in the inducement.

2. Defendant by, among other things, using a "direct memory access" ("DMA") device and cheat software to cheat in *Fortnite* tournaments and circumvent Epic's technological anti-cheat measures that prevent cheaters from accessing *Fortnite*, and creating and using fake Epic Games accounts with false or misleading identifying information to continue cheating in *Fortnite* tournaments despite being banned, circumvented Epic's technological measures controlling access to *Fortnite*, breached Epic's *Fortnite* End User License Agreement ("EULA") and tournament agreements that applied to each *Fortnite* tournament that Defendant entered into ("Tournament Agreements"), infringed Epic's copyrights in *Fortnite*, and fraudulently induced Epic into entering into the *Fortnite* EULA and Tournament Agreements with Defendant.

3. In its Complaint, Epic sought injunctive relief, among other relief.

4. Upon Epic's request, this Court entered default against Defendant on March 7, 2025.  Epic's allegations against Defendant are therefore deemed true, except those regarding damages. *TeleVideo Sys., Inc. v. Heidenthal*, 862 F.2d 915, 917–18 (9th Cir. 1987).

/ / /

181075777.1

5. Epic then filed a motion for default judgment along with supporting declarations demonstrating its entitlement to damages and a permanent injunction against Defendant. Epic suffered and continues to suffer irreparable injury in the form of harm to its reputation and goodwill with the *Fortnite* community for providing a fair and level playing field in its *Fortnite* tournaments and undermining the integrity of *Fortnite* tournaments. The remedies available to Epic at law—such as monetary damages—are inadequate to compensate for that injury. The balance of hardships favor equitable relief, and an injunction is in the public interest.

6. The Court has subject matter jurisdiction over Epic's federal claims under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the DMCA, 17 U.S.C. § 1201(a)(1)(A), and the Copyright Act, 17 U.S.C. § 501 *et seq.*, and supplemental jurisdiction over Epic's related state law claims under 28 U.S.C. § 1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendant resides in this District, and/or (b) a substantial part of the events giving rise to Epic's claims occurred in this District.

8. The Court has personal jurisdiction over Defendant for the purpose of entry and enforcement of this Permanent Injunction.

## INJUNCTION

Defendant is enjoined as follows:

A. Defendant and his officers, agents, representatives, servants, employees, heirs, successors, and assigns, and all others in active concert or participation with Defendant are permanently enjoined from:

    i. Infringing, or inducing, contributing, or enabling others to infringe, Epic's copyrights;

    ii. Downloading, installing, possessing, and/or using any of Epic's copyrighted works, including but not limited to *Fortnite*;

    iii. Circumventing any of Epic's technological measures that control

-3-

access to Epic's copyrighted works, including but not limited to *Fortnite*;

  iv. Using any software or device not authorized by Epic that provides *Fortnite* players a competitive advantage in *Fortnite*; and

  v. Aiding or assisting another person or entity in any of the activities described in (i)–(iv) above.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction shall be binding upon and inure to the benefit of the partners and all successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the Court shall retain jurisdiction for the purposes of construing, modifying, and enforcing this Permanent Injunction.

**IT IS SO ORDERED**

DATED: _____

By: _____
Hon. Dean D. Pregerson
United States District Judge

181075777.1